UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01596-JPH-MPB |
| ) | |
| WEXFORD HEALTH CARE SERVICES, INC., ) | |
| PAUL TALBOT, ) | |
| PURDUE, ) | |
| ELROD, ) | |
| KREISER, ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING SERVICE OF PROCESS**

Indiana Department of Correction (IDOC) inmate John Naylor commenced this 42 U.S.C. § 1983 action on June 9, 2020 and paid an initial partial filing fee on August 5, 2020. Dkt. 9. The Court now screens the complaint and makes the following rulings.

**I.
Screening Standard**

Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

The complaint names five IDOC officials as defendants: (1) Wexford Health Care Services, Inc. (Wexford of Indiana, LLC or Wexford); (2) Dr. Paul Talbot; (3) Nurse Practitioner Purdue; (4) Dr. Elrod; and (5) Dr. Kreiser.

The following allegations are set forth in the plaintiff's complaint. The plaintiff has pursued constitutional claims against Wexford and Dr. Talbot in the past. On October 3, 2019, the plaintiff was attacked by another inmate. He suffered head and shoulder injuries and required medical treatment. Dr. Talbot denied the plaintiff treatment of his injuries. Nurse Practitioner Purdue gave the plaintiff prednisone and exercises to do and told him he would receive physical therapy. When he returned for his next medical visit, Nurse Practitioner Purdue was not there. The plaintiff was seen instead by Dr. Elrod who refused to treat the plaintiff's injuries but ordered overdue routine blood work. The plaintiff alleges that the medical staff had not ordered bloodwork for him for years. On his next medical visit, he was seen by an unnamed Nurse Practitioner who said the visit was a chronic care visit and gave the plaintiff the run around. Next, the plaintiff was seen by Dr. Kneiser who said the plaintiff's GERD would resolve on its own without treatment, so he stopped the plaintiff from receiving Pepcid.

The plaintiff alleges that each defendant was deliberately indifferent to his injuries from the October 3, 2019, assault, his need for bloodwork, and/or his GERD. He alleges that the defendants coordinated their actions against the plaintiff in retaliation for his grievances and civil

rights lawsuits. The denial of GERD medication has caused the plaintiff to suffer abdominal pain, hemorrhoids, vomiting, loss of tooth enamel, depression, and anxiety. He seeks injunctive relief in the form of medication for his GERD and compensatory and punitive damages.

### III.
### Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, the plaintiff's claim that he was denied bloodwork is **dismissed** for failure to state a claim. The plaintiff fails to allege who was responsible for denying him access to bloodwork in the past. He also fails to allege any injury suffered as a result of the delay in receiving bloodwork.

Second, all claims against Nurse Practitioner Purdue are **dismissed** for failure to state a claim because the plaintiff alleges no wrongdoing by this defendant. Nurse Practitioner Purdue examined the plaintiff once and provided both medication and suggested exercises to aid his recovery. Nurse Practitioner Purdue cannot be held responsible for the later failure of other medical staff to offer the plaintiff physical therapy as Nurse Practitioner Purdue had promised.

Third, all claims against the unnamed Nurse Practitioner are **dismissed**. "[I]t is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Should the plaintiff learn the identity of the Nurse Practitioner during the discovery process, he can move to amend his complaint to include claims against this defendant.

Finally, because Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300

F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Naylor must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. No such allegations were identified in the complaint.

The plaintiff's First Amendment retaliation and Eighth Amendment deliberate indifference claims against defendants Talbot, Elrod, and Kneiser **shall proceed** as pleaded in the complaint. The plaintiff's claim against Wexford solely for injunctive relief in the form of GERD medication **shall also proceed**.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 19, 2020,** in which to identify those claims.

## IV.
## Conclusion and Service of Process

The clerk is **directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process electronically to defendants Talbot, Elrod, Kneiser, and Wexford in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The individual defendants shall be served with process via U.S. Mail.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically. Defendants Talbot, Elrod, and Kneiser are identified as employees of Wexford of Indiana, LLC. Wexford is ORDERED to provide the full name and last known home address of any defendant who does not

waive service if they have such information. This information may be provided to the Court informally or may be filed ex parte.

The **clerk is directed** to terminate Nurse Practitioner Purdue as a defendant on the docket.

**SO ORDERED.**

Date: 9/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Paul Talbot, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Elrod, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Dr. Kneiser, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic Service to:

Wexford of Indiana, LLC