UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN NAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01596-JPH-MPB |
| | ) | |
| WEXFORD HEALTH CARE SERVICES, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DENYING MOTION FOR COUNSEL**

The plaintiff's motion for appointment of counsel, dkt. [7], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc)); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). Here, the plaintiff reports that his mother has contacted thirty attorneys on his behalf without success. The plaintiff has made reasonable attempts to recruit counsel on his own.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

His claims of First Amendment retaliation and Eighth Amendment deliberate indifference to his acid reflux and injuries from an assault are relatively straightforward. He has personal knowledge of most of the alleged events. At this early stage of litigation—the defendants have not yet answered the complaint—it is difficult to assess the plaintiff's need for counsel. He has no difficulty reading or writing in English and has completed a year of college coursework. He states

that he suffers from anxiety and a delusional disorder that can worsen under stress. He also has decreased access to the law library due to lockdowns and the COVID-19 pandemic.

The plaintiff's current motion reflects that he faces the same challenges as nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases. The plaintiff's current motion for counsel reflects that he is competent to litigate this action on his own.[1]

For these reasons, the plaintiff is simply not one of the many pro se prisoners that requires the assistance of counsel at this time. Accordingly, the motions for counsel, dkt. [7], is **denied**. To the extent the plaintiff's mental health issues or limited law library access interfere with his ability to meet any deadlines in this case, he may file a motion for extension of time. Should he encounter difficulties during future phases of this litigation, he may renew his motion for counsel.

**SO ORDERED.**

Date: 10/7/2020

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] If the plaintiff's claims survive summary judgment, the Court will undertake additional efforts to recruit counsel to assist him at trial.

Distribution:

JOHN NAYLOR
128761
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064